UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-MJ-04097-LOUIS

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DYLAN THOMAS LINDSAY**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the United States of America's ("the Government") Appeal from the Magistrate Court's Order Denying the Government's Motion for Pretrial Detention ("Appeal"), ECF No. [18], filed on October 31, 2025. On October 27, 2025, Magistrate Judge Lauren Louis denied the Government's Motion for Pretrial Detention. ECF No. [15]. On October 28, 2025, the Government moved to extend the one-day stay of Defendant's bond. ECF No. [10]. On October 29, 2025, Judge Louis denied the Government's Motion to Extend Stay of Defendant's Bond. ECF No. [16]. The Court has reviewed the Appeal, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Government's Appeal is denied, and the magistrate judge's decision is affirmed.

**I. BACKGROUND**

The Government appeals an Order from Magistrate Judge Lauren Louis denying its Motion for Pre-Trail Detention and ordering the Defendant released on pre-trial release conditions. See ECF No. [15]. Defendant is an English school teacher to elementary and middle-school aged children in Japan, where Defendant has lived and worked since August 2024. ECF No. [18] at 2. On October 23, 2025, Defendant entered the United States at Miami International

1

Airport from Toronto, Canada and told Customs and Border Protection ("CBP") officers that he planned to stay in the United States for approximately five weeks. *Id.* Defendant was selected for secondary inspection, where CBP officers recovered an Apple iPhone 15 ("Device") on Defendant. *Id.* Defendant told officers he owned the Device and provided the passcode to unlock the Device. *Id.* CBP officers found an encrypted vault application on one of the Device's home pages that held approximately 150 gigabytes of data. *Id.* Defendant refused to provide the additional passcode that was required to open the encrypted vault application. *Id.* While the Device was detained for further inspection, Defendant was allowed to enter the United States for his five-week stay. *Id.* at 2-3. Defendant asked Agent Reynolds of Homeland Security Investigations if he was allowed to leave, if he was under investigation, and if he was being charged with anything. ECF No. [20-1] at 16:6-17. Agent Reynolds told Defendant that he was allowed to leave, he was not under investigation, and he was not being charged with anything. *Id.*

Law enforcement subsequently forensically extracted the Device and began reviewing the encrypted vault application. ECF No. [18] at 3. The Device contained over one hundred images and videos depicting child sexual abuse material ("CSAM"). *Id.* The metadata on these files showed they were accessed throughout 2024 and 2025. *Id.*

On October 24, 2025, the day after his encounter with CBP, Defendant booked a flight to return to Japan on October 27, 2025. *Id.* Defendant arrived at Fort Lauderdale-Hollywood International Airport the morning of October 27, 2025, went through security, and scanned his ticket. *Id.* Defendant was arrested on the jet bridge as he was about to step onto the plane. *Id.* Law enforcement also found a new iPhone in Defendant's possession. *Id.*

## II. LEGAL STANDARD

A defendant may be detained pending trial if "no condition or combination of conditions

will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). In determining whether detention of a defendant pending trial is appropriate, the court must consider (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See id.* §§ 3142(g)(1)-(4).

The Government may seek review of a magistrate judge's order of release pursuant to 18 U.S.C. § 3145(a)(1). Review is *de novo*, with purely factual findings reviewed for clear error, and the district court permitted to receive additional evidence. *See United States v. Hurtado*, 779 F.2d 1467, 1471 (11th Cir. 1985); *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).

### III. DISCUSSION

As Judge Louis noted, because "there is probable cause to believe that Defendant committed an offense involving a minor victim, in violation of 18 U.S.C. § 2252(a)(1)[,]" a rebuttable presumption applies "that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community." ECF No. [15] at 4 (citing 18 U.S.C. § 3142(e)(3)(E)).

However, Judge Louis found that the evidence produced at the Pretrial Detention Hearing was sufficient to rebut the statutory presumption, noting:

> This 28-year old Defendant has lifelong ties to this District, having resided here before moving to Japan last year . . . . Defendant's mother appeared at the Pretrial Detention Hearing and agreed to co-sign on a bond for her son. Defendant's Mother verified that she and her husband (Defendant's father) own their home outright, and she agreed to abide by the condition that she not encumber her property while Defendant is on bond. On the Court's request, she agreed to act as a third-party custodian to Defendant. She affirmed to the Court that she would be willing to report if her son violated bond conditions. Defendant has no prior criminal history. He has no history of mental illness nor substance abuse. His father verified his personal information for the Pretrial Services Report and

indicated his willingness to co-sign on a bond. Defendant's entire family resides in Miami-Dade. The evidence developed at the hearing is more than sufficient to rebut the statutory presumption that no combination of conditions can reasonably assure Defendant's appearance or the safety of the community.

ECF No. [15] at 5.

The Court agrees that all of these factors are sufficient to rebut the statutory presumption that no combination of conditions will reasonably assure the appearance of Defendant and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(E).

First, the Government argues that there is a high risk of non-appearance due to the seriousness of the charged offense, the weight of the evidence against Defendant is strong, and Defendant's history and characteristics demonstrate a serious risk of nonappearance. ECF No. [18] at 8-11. Indeed, the advisory guidelines' range of 97 to 121 months' imprisonment with acceptance of responsibility demonstrates the seriousness of the charged offense. *Id.* at 9. The weight of the evidence against Defendant is strong. *Id.* Although the Government argues that Defendant previously attempted to flee, Judge Louis properly credited the testimony of Agent Reynolds who "testified that Defendant was told by CBP at the time he was released that he was not under investigation." ECF No. [15] at 6. Therefore, Judge Louis found Defendant's "attempt to depart on October 27 less remarkable to me as indicative that his risk of flight cannot be adequately addressed with conditions of bond." *Id.* Even if Defendant's attempt to depart on October 27, 2025 demonstrates his "desire to flee the district and not have to face the consequences for possessing and transporting CSAM[,]" the fact remains that Defendant was not told he was required to remain in the United States. ECF No. [18] at 11. As defense counsel argued at the Pretrial Detention Hearing, Defendant "specifically asked if he was under investigation, and they said no. And they never reached out to [Defendant] again. So there was nothing to indicate to [Defendant] that he had to stay in Miami." ECF No. [20-1] at 26:15-18.

4

Therefore, there is no reason to believe that any risk of flight cannot be adequately addressed by a bond, the surrender of Defendant's passport, and a GPS monitor, all of which Judge Louis ordered as conditions to Defendant's release. ECF No. [15] at 7-10.

The Government's argument that Defendant "has financial resources beyond what he reported to this Court[,]" by virtue of his ability to obtain a last minute international flight and a new iPhone, does not change the Court's analysis. ECF No. [18] at 10. Even with additional financial resources, Defendant will not be able to board a plane, and he is subject to a location monitoring program. ECF No. [15] at 7-10.

Additionally, Defendant's mother stated, upon Judge Louis's request, that she would act as a third-party custodian to Defendant and report if her son violated any bond conditions. ECF No. [15] at 5. As defense counsel stated during the Pretrial Detention hearing, Defendant's mother "works from home. . . so she would be able to ensure that [Defendant], her son, has no access on electronic devices in the home." ECF No. [20-1] at 24:23-25.

The Government argues that Defendant would be a danger to the community because of his "intentional, years-long history of putting himself in positions of trust where he can be near children." ECF No. [18] at 11-12. The Government urges that "Defendant is not a mere observer or possessor, he is someone who takes steps to get close to children, and the conditions of bond set by the Magistrate Court, which allow Defendant to seek employment and attend religious services do nothing to mitigate the danger Defendant presents." *Id.* Although Defendant previously worked as a police officer with the Miami-Dade Schools Police Department and currently works as an English teacher to elementary and middle school-aged children in Japan, "no evidence was advanced to suggest that he has had physical contact with any child." ECF No. [15] at 6. Defendant is prohibited from returning to his teaching job in Japan and, pursuant to the

CASE NO. 25-MJ-04097-LOUIS

bond conditions, Defendant is also prohibited from having any conduct with "any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer." *Id.* at 8. Therefore, the Court agrees with Judge Louis that, "[d]espite the seriousness of the charges, the Government has not established that the combination of home confinement, GPS monitoring, Adam Walsh conditions, and other conditions is insufficient to reasonably assure the safety of the community." *Id.* at 7.

Accordingly, it is **ORDERED AND ADJUDGED** that the Government's Appeal, **ECF No. [18]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 3, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record